IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BRADLEY MAXWELL, | ) | Civil Action No. 7:15-cv-00468 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| HAROLD CLARKE, *et al.*, | ) | By: Norman K. Moon |
|     Defendants. | ) | United States District Judge |

Bradley Maxwell, a Rastafarian inmate proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983. Maxwell names five defendants: Harold Clarke, the Director of the Virginia Department of Corrections ("VDOC"); A. David Robinson, the Chief of Corrections Operations for the VDOC; Terry Glen, an administrator for VDOC's contracts; Henry Ponton, a VDOC Regional Administrator; and Leslie Fleming, the Warden of the VDOC's Wallens Ridge State Prison ("WRSP"). Maxwell alleges that the defendants violated the Fourteenth Amendment, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and the Code of the United States Virgin Islands ("USVI") by confining him in segregation for two years. Defendants filed a motion for summary judgment, and Maxwell responded. Upon consideration of this action, I conclude that the defendants are not liable because they are entitled to qualified immunity and none of the defendants' personal acts or omissions are responsible for the alleged deprivations. Consequently, I will grant their motion for summary judgment.

**I.**

Maxwell, a native and convict of the USVI, was transferred from the USVI and into the VDOC pursuant to a contract between the VDOC and USVI to house USVI inmates in VDOC facilities (the "Contract"). Maxwell complains that he was housed in segregation without cause from approximately July 2013 until July 2015.

Maxwell began his stay in segregation in July 2013 after a correctional officer charged him with assaulting another inmate. Maxwell was not convicted of the institutional charge but nevertheless remained assigned to segregation for two years. In the complaint, Maxwell does not identify who ordered his continued segregation, but documents show that none of the defendants ordered his continued segregation. However, Maxwell blames the former warden of WRSP for his two-year confinement in segregation, but defendant Fleming actually ordered Maxwell released from segregation upon becoming Warden of WRSP. A couple of weeks after being released from segregation, a corrections officer "thought" he saw Maxwell use gang signs and charged him with using gang codes. Based on the officer's testimony that he thought he saw Maxwell use gang signs, the hearings officer convicted Maxwell of the institutional charge, and Maxwell returned to segregation for forty-five days until August 10, 2015, which was shortly before Maxwell commenced this action.[1]

Maxwell alleges that, as a consequence of being in segregation, he had a diminished ability to practice his religion, had limited or no access to educational or rehabilitative classes, and was limited to three showers a week and three hours of recreation each day. To support his religion claim, Maxwell argues that segregation prevented him from observing his Rastafarian holy days and using congo drums during religious service, and he complains that the services were not led by a Rastafarian "priest." Consequently, Maxwell argues that the conditions he experienced for two years in segregation violate the Fourteenth Amendment, the RLUIPA, the

---

[1] On October 5, 2015, staff accused Maxwell of refusing to stand for count, threatening staff, and possessing a weapon and transferred him to Red Onion State Prison ("ROSP") the next day. This action does not concern those charges, the transfer, or incarceration at ROSP.

contract between the VDOC and the USVI, and 5 VIC § 4503. Maxwell seeks declaratory relief, a transfer back to the USVI, and damages.

## II.

Defendants filed a motion for summary judgment arguing, *inter alia*, the defense of qualified immunity. Qualified immunity permits "government officials performing discretionary functions . . . [to be] shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Once a defendant raises the qualified immunity defense, a plaintiff bears the burden to show that a defendant's conduct violated the plaintiff's right. *Bryant v. Muth*, 994 F.2d 1082, 1086 (4th Cir. 1993).

A party is entitled to summary judgment if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a). Material facts are those necessary to establish the elements of a party's cause of action. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. *Id.* The moving party has the burden of showing – "that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant satisfies this burden, then the non-movant must set forth specific, admissible facts that demonstrate the existence of a genuine issue of fact for trial. *Id.* at 322-23. A party is entitled to summary judgment if the record as a whole could not lead a rational trier of fact to find in favor of the non-movant. *Williams v.*

*Griffin*, 952 F.2d 820, 823 (4th Cir. 1991); *see Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995) ("Mere unsupported speculation . . . is not enough to defeat a summary judgment motion."). However, summary judgment is not appropriate where the ultimate factual conclusions to be drawn are in dispute. *Overstreet v. Ky. Cent. Life Ins. Co.*, 950 F.2d 931, 937 (4th Cir. 1991). A court may not resolve disputed facts, weigh the evidence, or make determinations of credibility. *Russell v. Microdyne Corp.*, 65 F.3d 1229, 1239 (4th Cir. 1995); *Sosebee v. Murphy*, 797 F.2d 179, 182 (4th Cir. 1986). Instead, a court accepts as true the evidence of the non-moving party and resolves all internal conflicts and inferences in the non-moving party's favor. *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979).

**III.**

Defendants are entitled to qualified immunity and summary judgment because Maxwell fails to establish that any defendant was personally involved in the alleged deprivation of rights. To state a cause of action under § 1983, a plaintiff must establish a deprivation of rights guaranteed by the Constitution and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). Consequently, a plaintiff must affirmatively allege that the named defendants were personally involved in the alleged violations of his constitutional rights. *See, e.g.*, *Garraghty v. Va. Dep't of Corr.*, 52 F.3d 1274, 1280 (4th Cir. 1995); *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985); *Barrow v. Bounds*, 98 F.2d 1397 (4th Cir. 1974). However, Maxwell states his claims in generalities and does not describe how any defendant was personally involved in any alleged deprivation.

Maxwell names Clarke and Robinson as defendants merely because they are executives of the VDOC. A government official may not be held liable via § 1983 for the unconstitutional

4

conduct of their subordinates under a theory of *respondeat superior*. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Likewise, Maxwell names Glenn as a defendant because Glenn administers VDOC contracts, ostensibly including the contract between the VDOC and USVI, but Maxwell fails to associate Glenn with any personal act or omission that resulted in an alleged deprivation of federal rights. "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Maxwell has failed to do so for Clarke, Robinson, and Glenn.[2]

Maxwell names Ponton and Fleming as defendants because they allegedly denied Maxwell's request for a transfer. Their alleged denials of transfer requests do not create a cognizable claim via § 1983 because inmates do not have a constitutionally-protected right to choose where they are housed. *See, e.g.*, *Olim v. Wakinekona*, 461 U.S. 238, 247-48 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976). Accordingly, Maxwell fails to establish how Ponton and Fleming violated a federal right, especially considering that—as Maxwell admits—Fleming had Maxwell released from segregation upon becoming Warden of WRSP.

---

[2] The only involvement Robinson could have to the complaint is that Robinson signed the VDOC Operating Procedure cited in the complaint. However, no reasonable reading of the complaint could infer a facial challenge to that policy.

## IV.

For the reasons stated, I will grant the defendants' motion for summary judgment as to any federal claim and will dismiss any state law claim pursuant to 28 U.S.C. § 1367(c)(3).

ENTER: This 26th day of September, 2016.

*Norman K. Moon*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

6